FILED
SUPERIOR COURT
OF GUAM

2021 JUL 28 AM 10: 30

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ASSOCIATION FOR THE APARTMENT OWNERS OF THE CLIFF, <br><br> Plaintiff, <br><br> vs. <br><br> MANUEL L. CONCEPCION, <br><br> Defendant. | Superior Court Case No. <u>CV0188-19</u> <br><br> **DECISION AND ORDER RE MOTION TO SET ASIDE ENTRY OF JUDGMENT** |

The Court here considers Defendant Manuel Concepcion's Motion under Guam Rules of Civil Procedure 55 and 60 to set aside the Judgment entered on March 9, 2020. Upon reviewing the parties' arguments, the Court finds the Rules inapplicable and therefore DENIES the Motion.

## I.  FACTUAL BACKGROUND

The Court has issued a Judgment in favor of Plaintiff Association of the Apartment Owners of the Cliff for $50,794.72, plus reasonable attorney's fees and post-judgment interest. Judgment ¶¶ 2-4 (Mar. 9, 2020). The Judgment followed on a Decision and Order for Summary Judgment, finding no genuine issue of material fact that Concepcion breached his obligation to pay fees owed to the Association. *See* Dec. & Order Mot. Summ. J.

The underlying motion for summary judgment and accompanying CVR 7.1 Form 1 were filed on September 11, 2019. The Court heard the Motion on October 30, 2019; Concepcion attended the hearing and indicated he was in the process of retaining counsel. He also stated that he had changed the address he had previously listed on his filed pleadings. The Court stayed the motion to allow Concepcion time to retain an attorney.

ORIGINAL

The parties returned for a Status Hearing on December 11, 2019. Concepcion reported that he had retained Attorney Curtis Van de veld. Based on that information, the Court ordered the Association to file an Amended CVR 7.1 Form 1 to reset the motion briefing deadlines. The amended form, filed on December 13, 2019, set an Opposition Brief date of January 10, 2020. The Association also filed a Declaration of Mailing which showed a mailing of the Motion and amended Form 1 to Concepcion's updated address. No opposition was filed by the January 10 deadline; the Court therefore took the matter under advisement and, as indicated above, issued its decision on March 2, 2020.

Concepcion's motion to set aside the entry of judgment argues that Concepcion was not culpable for a default. Mem. P. & A. Support Mot. to Set Aside Entry of Judgment at 3. Concepcion argues that he was not aware of judicial procedures and did not receive many notices or case documents. *Id.* He argues that the mailing address used for most of the documents was incorrect and was not corrected until November 4, 2019. *Id.*

In response to the motion, the Association alleges that Concepcion did not properly supply his correct mailing address when submitting his pleading to the Court. Opp'n Mot. Set Aside Entry Judgment at 2 (June 16, 2019). It also alleges that the relief sought is not proper as Concepcion did not provide the specific subsection under which he was proceeding. *Id.* at 6. It further asserts that the judgment was a Summary Judgment and the rules used by Concepcion are for Default Judgments. *Id.* at 7. The Association also claims that a set aside is inapplicable to admitted requests for admission. *Id.* at 14.

## II.     LAW AND DISCUSSION

Concepcion first moves the Court to set aside the entry of judgment based on Rule 55(c) of the Guam Rules of Civil Procedure. GRCP 55(c) states, "for good cause shown, the Court

ORIGINAL

may set aside an entry of default and if a judgment by default has been entered, may likewise set aside in accordance with Rule 60(b)." There are two concepts that are incorporated into this rule--default and default judgment. *Adams v. Duenas,* 1998 Guam 15 at ¶ 5. The two concepts are distinct and must be treated separately. *Id.* "However, due to the parallels between entries of default and default judgments, in reviewing entries of default courts will look to the same grounds that are relevant in considering whether to set aside a default judgment." *Id.* The primary difference is that when examining a motion to set aside a default entry, a less rigorous standard is used. *Id.*

Concepcion also moves the Court to set aside an entry of judgment based on Rule 60(b). This rule states in part, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons." GRCP 60(b). This Rule is used in conjunction with GRCP 55(c) to set aside a default judgment. *Midsea Indus., Inc. v. HK Eng'g Ltd.,* 1998 Guam 14 at ¶ 4. A review of a judgment under GRCP 60(b) involves two policy determinations. *Id.* ¶ 6. The first is that the rule is remedial in nature and should be applied liberally. *Id.* The second is that "a default judgment is considered to be a drastic measure, only appropriate in extreme circumstances." *Id.*

## A. Rule 55(c)

Rule 55(c) is used to set aside an entry of default or a default judgment. *See* GRCP 55(c). Because no default judgment was entered in this case, the Court first rejects any argument to set aside a default judgment.

Turning to his arguments to set aside an entry of default, to be clear, the Clerks did not enter default against him. Because Concepcion is still a self-represented litigant, the Court examines what other types of default could have occurred. The only plausible entry of default

ORIGINAL

would be the reference to the Request for Admission that he did not respond to in June of 2019. *See* Mem. P. & A. Support Mot. to Set Aside Entry of Judgment at 5. Since he did not respond to the request in the allotted time, the admission was admitted. *See* GRCP 36(a)(3). This is not necessarily an entry of default as the admission under GRCP 36(a)(3) is executed automatically and does not require a motion. *See id.* Concepcion argues that he did not get the opportunity to reply to the request because the Association's counsel did not serve him. Mem. P. & A. Support Mot. to Set Aside Entry of Judgment at 5. This argument falls short as Concepcion was made aware of the applicability of his failure to reply in the Motion for Summary Judgment. *See* Mot. Summ. J at 8. Concepcion did not oppose the motion, so it can be seen as further failure to contest requested admission.

There is no affirmative claim of any entry of default in the motion and there is no entry of default found in the pleadings. This being the case, the Court DENIES Concepcion's motion to set aside under GRCP 55(c).

## B. Rule 60(b)

Under Rule 60(b), Concepcion also seeks to set aside the Judgment. However, the motion does not make clear how Rule 60(b) applies. The motion analyzes GRCP 60(b) after referencing GRCP 55(c). *See id.* This leads to the assumption that the use of GRCP 60(b) is based on the default judgment category in GRCP 55(c). *See id.* This is further supported as the motion references three factors used when determining if the motion should be denied. *Id.* These factors are used when a court is determining a default judgment. *See Midsea Indus., Inc. v. HK Eng'g Ltd.*, 1998 Guam 15 ¶ 5.

Here, there was no default judgment entered in this case. The case was resolved through summary judgment. Concepcion does not make any arguments about the particular reason to

ORIGINAL

have relief from the judgment under Rule 60(b). Accordingly, the Court DENIES the motion to set aside pursuant to GRCP 60(b).

## III.    CONCLUSION

Concepcion's Motion to Set Aside Entry of Judgment cites rules used to set aside an entry of default and default judgments--neither of which are present in this case. The Motion is therefore DENIED.

SO ORDERED this 28th day of July 2021.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
J. Bronze

Date: _____ Time: 7/28/21
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Parties:
Jacques G. Bronze, Esq., Law Offices of Jacques G. Bronze, P.C., for Plaintiff Association of the
        Apartment Owners of the Cliff
Manuel I. Concepcion, Defendant, pro se

ORIGINAL